

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
## STATE OF OKLAHOMA

HENRI MBAU,

           Plaintiff,

v.

BAKER HUGHES, INC, a foreign
For Profit Business Corporation

           Defendant.

Case No. **CJ-2018-00297**

Honorable Judge: Rebecca Brett Nightingale

ATTORNEY LIEN CLAIMED

DISTRICT COURT
**FILED**

JAN 22 2018

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

2018 JAN 22 PM 4:02
DON NEWBERRY
COURT CLERK

### PETITION

COMES NOW the Plaintiff, Henri Mbau, by and through his attorney of record, Daniel E. Smolen of SMOLEN, SMOLEN AND ROYTMAN, PLLC, and brings this action against the Defendant, Baker Hughes, Inc., for violations of his statutory and constitutionally protected rights arising out of his employment and termination by said Defendant.

### PARTIES, JURISDICTION, AND VENUE

1.    This is an action for damages and to secure protection of and to redress deprivation of rights secured by the Americans with Disabilities Act of 2008 ("ADA") as amended by the ADA Amendments Act ("ADAAA"), Pub. L. No. 110–325, 122 Stat. 3553.

2.    The Plaintiff, Henri Mbau, was at all relevant times a resident of Tulsa County, Oklahoma. The Plaintiff was an at-will employee of the Defendant.

3.    Defendant Baker Hughes is a foreign for profit corporation doing regular business in Tulsa County, Oklahoma and employees over five hundred (500) employees in the United States.

4.    The injuries that are the subject of this dispute occurred in Rogers County, Oklahoma.



EXHIBIT
A

5.     This Court has jurisdiction and venue is proper in Tulsa County, Oklahoma.

## FACTS COMMON TO ALL CLAIMS

6.     Paragraphs 1 through 5 are incorporated herein by reference.

7.     Plaintiff began his employment as Electronics Assembler with Defendant Baker Hughes in October of 2010.

8.     In January 2014 Plaintiff was hurt on the job and began undergoing therapy twice a week.

9.     Plaintiff was able to continue working at his job with an accommodation in the form of a lifting restriction. The lifting restriction was a reasonable accommodation, because Defendant already had a company policy requiring employees to seek assistance when lifting heavy parts, and Plaintiff's primary job was wiring electronics onto panels so he only occasionally needed assistance lifting a part or a panel into place.

10.     Then on July 21, 2014, Plaintiff took leave to have shoulder surgery and recover.

11.     Around September 2014, Plaintiff was released to return to work with lifting restrictions similar to the one he was working under before he took leave for surgery.

12.     However, when Plaintiff informed the Defendant of the need for continuing accommodation, Defendant informed Plaintiff he could not return to his position with Defendant unless he had a full release with no lifting restriction. Plaintiff went on long-term disability leave and was advised by the Defendant to apply for other positions.

13.     Plaintiff began applying for other positions with Defendant's company, all while on unpaid leave.

14.     Plaintiff has applied for numerous positions for which he is qualified, in Claremore, Tulsa, Sand Springs, Oklahoma City, Oklahoma, and other locations yet Defendant has not placed Plaintiff in another position.

15.     On or around October 4, 2017, Defendant mailed a letter to Plaintiff reminding him his long term disability was ending and allowing him until November 19, 2017 to find and apply for other job opportunities within the Defendant's company. Yet despite additional applications to open positions, Defendant still has not placed Plaintiff in another job.

16.     Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and on October 12, 2017, Plaintiff signed a formal Charge of Discrimination with the EEOC.

17.     A Notice of Suit Rights was mailed on or about October 24, 2018. This Petition is being filed within ninety (90) days of receipt of this Notice of Suit Rights. As such, all conditions precedent to the filing of this lawsuit have been fulfilled.

18.     Plaintiff has been discriminated against based on his disability and in retaliation for requesting an accommodation, in violation of the ADA as amended by the ADAAA.

### FIRST CLAIM FOR RELIEF
### (DISCRIMINATION BASED ON DISABILITY: ADAAA)

19.     From September 2014 to the present, the Defendant has engaged in unlawful employment practices in violation of 42 U.S.C. §§12112(a) and (b)(5).

20.     Persons with a physical impairment, or who are perceived to have such an impairment, are persons with a disability within the meaning of Sections 3 and 102(a) of the Americans with Disabilities Act, 42 U.S.C. §§12102(2) and 12112(a).

21.     The Plaintiff was an employee of the Defendant.

3

22.     The Plaintiff is a qualified individual who has a disability, which requires a lifting restriction, which interferes with one or more major life activities, as defined by the ADA, including lifting.

23.     Defendant's actions in failing to provide Plaintiff's requested accommodation due to his disability, as well as refusal to place him in an open position for which he was qualified with or without a reasonable accommodation, is in violation of the ADA as amended by the ADA Amendments Act.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a.   Back pay and lost benefits; front pay until normal retirement

b.   Compensatory damages for his mental anguish, pain and suffering and his non-pecuniary losses;

c.   Punitive damages for intentional and knowing acts of discrimination committed by the Defendant's management;

d.   His attorney fees and the costs and expenses of this action;

e.   Such other relief as the Court deems just and equitable.

### SECOND CLAIM FOR RELIEF
### (RETALIATION BASED ON DISABILITY (ADA))

24.     Plaintiff incorporates as if realleged Paragraphs 1-23.

25.     Plaintiff engaged in protected activity when he requested a reasonable accommodation from his employer, the Defendant.

26.     Defendant interfered with Plaintiff's exercise and enjoyment of his right to a reasonable accommodation when Defendant refused to let Plaintiff return to work and subsequently denied him other positions for which he was qualified, in violation of 42 U.S.C.A. § 12203(b).

4

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a.  Back pay and lost benefits; front pay until normal retirement

b.  Compensatory damages for his mental anguish, pain and suffering and his non-pecuniary losses;

c.  Punitive damages for intentional and knowing acts of discrimination committed by the Defendant's management;

d.  His attorney fees and the costs and expenses of this action;

e.  Such other relief as the Court deems just and equitable

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant his the relief sought including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000), with interest accruing from date of filing of suit, punitive damages in excess of Seventy-Five Thousand Dollars ($75,000), back pay and lost benefits, compensatory damages for mental anguish, pain and suffering and other non-pecuniary loss, reasonable attorneys fees, injunctive relief, and all other relief deemed appropriate by this Court

Respectfully Submitted,

SMOLEN, SMOLEN & ROYTMAN, PLLC

Daniel E. Smolen, OBA #19943
701 S. Cincinnati Avenue
Tulsa, Oklahoma 74119
Telephone: (918) 585-2667
Facsimile: (918) 585-2669
*Attorney for Plaintiff*