# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

HENRI MBAU, )
)
      Plaintiff, )
) Case No. 18-CV-101-JED-FHM
v. )
)
BAKER HUGHES, INC., )
)
      Defendant. )

## **OPINION AND ORDER**

**I.    Background**

Plaintiff, Henri Mbau, asserts claims against his former employer, defendant Baker Hughes, Inc., under the Americans with Disabilities Act (ADA), for alleged discrimination and retaliation based on disability. (Doc. 3-1). Baker Hughes moves to dismiss or stay this case pending arbitration, based upon an arbitration provision in Mr. Mbau's employment agreement. In relevant part, the arbitration provision, which appears in bold print in the agreement, states:

> Either Employee or Company may elect to submit any controversy or claim arising out of or relating to Employee's employment, including but not limited to termination and the manner or reason thereof, or the breach of this Agreement, and claims arising under federal or state law for discrimination based on age, sex, race, disability, national origin, or other impermissible basis, to binding arbitration for final settlement in accordance with the rules of the American Arbitration Association. Judgment upon an arbitral award may be entered in any court having jurisdiction thereof. . . . Venue for arbitration shall be Houston, Texas, and the arbitral tribunal shall use the laws of the State of Texas, exclusive of the choice of law provisions, in construing and interpreting the terms of this Agreement.

(Doc. 13-1 at 4, ¶ 17) (emphasis omitted).

**II.    Discussion**

The Federal Arbitration Act (FAA) provides that written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the

revocation of any contract." 9 U.S.C. § 2. The FAA also provides that, where the court is "satisfied that the issue involved . . . is referable to arbitration" under a written arbitration agreement, the court shall, on motion by a party, stay the action pending arbitration under the terms of the agreement. 9 U.S.C. § 3; *see Gilmer v. Interstate / Johnson Lane Corp.*, 500 U.S. 20, 25 (1991). These provisions reflect a "liberal federal policy favoring arbitration agreements." *Gilmer*, 500 U.S. at 25 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). Federal statutory claims, including employment claims under the ADA and Title VII, "may be the subject of an arbitration agreement, enforceable pursuant to the FAA." *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1487 (10th Cir. 1994) (quoting *Gilmer*, 500 U.S. at 26) (Title VII claims may be subject to mandatory arbitration); *see also McWilliams v. Logicon, Inc.*, 143 F.3d 573 (10th Cir. 1998) (ADA claims may be subjected to arbitration).

Mr. Mbau does not dispute that his ADA claims "aris[e] out of or relat[e] to" his employment or that his disability claims are expressly covered by the scope of the arbitration provision. He argues only that the arbitration provision is not "mandatory," but is "optional." (*See* Doc. 14). However, the agreement expressly provides Baker Hughes the contractual right to elect to submit such claims, including "any controversy or claim arising out of or relating to Employee's employment, including . . . claims arising under federal or state law for discrimination based on . . . disability . . . or other impermissible means" to final, binding arbitration. (*See* Doc. 13-1 at ¶ 17). Baker Hughes has elected to do so. If the Court were to adopt the plaintiff's argument, the arbitration clause, and Baker Hughes's rights to submit claims to arbitration, would be rendered meaningless and without force and effect.

Several courts have rejected the argument made by Mr. Mbau -- that the arbitration provision is not mandatory because it provides that either party "may" elect to arbitrate. For

example, in *Benihana of Tokyo, LLC v. Benihana Inc.*, 73 F. Supp. 3d 238 (S.D.N.Y. 2014), the court found that arbitration language similar to the language in Mr. Mbau's employment contract was, in fact, mandatory and enforceable. In *Benihana*, the arbitration provision contained language that "either party by written notice to the other party *may* elect to submit the dispute to binding arbitration." *Id.* at 249 (emphasis in original). The *Benihana* court rejected the argument that such language did not require mandatory arbitration when invoked by a party:

> As to the first sentence, that a party "may" elect to submit a dispute to binding arbitration merely means that neither party is obliged to initiate ("submit a dispute to") arbitration. The word "may" does not, however, mean that if a party has elected to do so, the other may neutralize that choice by insisting on litigating in court. To the contrary, courts have commonly construed such language as indicative of mandatory arbitration. . . . Further, Benihana America's construction, under which only two-party consent could trigger arbitration, would make [the arbitration clause] meaningless. . . . Benihana America does not explain what purpose [the arbitration clause] would serve if it permits arbitration only by mutual consent.

*Id.* at 249-50 (internal citations omitted).

Similarly, in *James River Ins. Co. v. Atlantic Bldg. Syst., LLC*, No. 16-CV-1981-MSK, 2017 WL 1862303 (D. Colo. May 9, 2017), the court rejected the argument advanced by Mr. Mbau here. The arbitration clause there provided that, for disputes relating to the contract, "either party may request that the dispute be subjected to binding arbitration." *Id.* at *3. Rejecting the plaintiff's claim that the agreement was not mandatory, the court explained that the arbitration provision was "mandatory once either party makes a demand for arbitration." *Id.* Numerous other courts have similarly rejected arguments that an arbitration clause is unenforceable because it contains the word "may." *See, e.g., Block 175 Corp. v. Fairmont Hotel Mgmt. Co.*, 648 F. Supp. 450, 452 (D. Colo. 1986) ("Plaintiff contends the presence of the word 'may' in the arbitration clause renders arbitration permissive and not mandatory. A common sense reading of the clause belies this contention. When either party elects to arbitrate and serves the proper notice, . . . then arbitration

3

must ensue."); *Smith v. AHS Okla. Heart, LLC*, No. 11-CV-691-TCK-FHM, 2012 WL 3156878 (N.D. Okla. Jun. 6, 2012) (the "plain meaning of [an] arbitration clause" providing that a party "may submit" a dispute to arbitration "is that, although neither party is required to exercise the option, both parties have the independent option to submit a dispute in connection with the agreement to arbitration. . . . [I]f one party elects to proceed to arbitrate the dispute, then the other party must also submit to arbitration").

For the foregoing reasons, Baker Hughes's motion (Doc. 13) is **granted**. The case is hereby **stayed** pending arbitration under the terms of the agreement, and the Clerk shall administratively close this case until further order of the Court.

SO ORDERED this 19th day of July, 2018.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE